**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **VIRNELL JACKSON,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | 5:06-CV-55 (WDO) |
| : | |
| **OCONEE COMMUNITY SERVICE** : | |
| **BOARD d/b/a OCONEE CENTER,** : | |
| : | |
| **Defendants** : | |

**ORDER**

Plaintiff is a forty-nine-year-old African-American female who worked as a houseparent at Defendant's Milledgeville community home, the Oconee Center. Plaintiff contends she was discriminatorily terminated because of her alleged disability and her age. Plaintiff sued the Oconee Community Service Board d/b/a the Oconee Center ("OCSB") alleging violations of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1981. Plaintiff seeks an injunction prohibiting Defendant from further engaging in what she claims are "unlawful employment practices," as well as reinstatement of her employment, with a promotion and restoration of leave she claims to have lost as a result of Defendant's allegedly illegal conduct. Additionally, she is seeking compensatory damages in the amount of $375,000.00, an unspecified amount of "back pay" and attorney's fees and costs.

Defendant OCSB contends Plaintiff's claims are barred by federal law and must be dismissed. Specifically, Defendant OCSB contends it is an "arm of the State" and therefore entitled

to Eleventh Amendment immunity from Plaintiff's claims.  Defendant contends this immunity extends to all claims against it pursuant to 42 U.S.C. § 1981 and the ADEA.  Likewise, Defendant contends Plaintiff's claim for monetary damages against Defendant pursuant to the ADA is barred by the Eleventh Amendment and must be dismissed.

A complaint should be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claims which would entitle her to relief.  Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001) (citing Conley v. Gibson, 355 U.S. 41 (1957)).  When ruling on such a motion, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true.  St. Joseph's Hospital, Inc. v. Hospital Corp., 795 F.2d 948 (11th Cir. 1986).  In ruling on OCSB's motion to dismiss this Court must determine whether, pursuant to this standard, OCSB has shown it is entitled to Eleventh Amendment immunity regarding Plaintiff's claims.  Because Plaintiff admits the OCSB is a "State entity" or an "arm of the State," that issue will not be addressed further.  See OCSB v. Holsey, 597 S.E.2d 489, 490 (Ga. App. 2004) ("Without dispute, OCSB is a state department of agency for purposes of sovereign immunity).

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.  U.S. CONST. amend. XI.

> The Eleventh Amendment protects a State from being sued in federal court without the State's consent.  As a result, parties with claims against a non-consenting State must resort to the State's own courts.  The Eleventh Amendment is 'a recognition that states, though part of a union, retain attributes of sovereignty, including immunity from being compelled to appear in the courts of another sovereign against their will.

Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (citation omitted).  "Eleventh Amendment

immunity bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued." Id. (citations omitted).

A "State will be deemed to have waived its immunity only where stated 'by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction.'" Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 239-240, 105 S. Ct. 3142 (1985). "A waiver of Eleventh Amendment immunity by state officials must be explicitly authorized by the state 'in its Constitution, statutes and decisions.'" Lapides v. Board of Regents, 251 F.3d 1372, 1374 (11th Cir. 2001) (citations omitted) (reversed in part on separate issue). Defendant OCSB is therefore immune from suit in this Court under the Eleventh Amendment unless (1) Congress clearly and unequivocally abrogated the State's immunity pursuant to § 5 of the Fourteenth Amendment or (2) the State has waived its sovereign immunity. Atascadero, 473 U.S. at 238.

With respect to Plaintiff's 42 U.S.C. §1981 claims, Congress did not abrogate State sovereign immunity when it enacted this statute. See Sessions v. Rusk State Hosp., 648 F.2d 1066, 1068 (5th Cir.1981). Second, the Supreme Court found the ADEA was not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. "The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid." Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91, 120 S. Ct. 631 (2000). Finally, as to the ADA claims, Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 121 S.Ct. 955 n.9 (2001). However, that "does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be

enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under Ex parte Young, 209 U.S. 123 (1908)." Id. Therefore, the State's immunity remains intact regarding the claims brought in this case and the OCSB may not be sued unless the State waived its immunity in some manner.

Plaintiff contends the State of Georgia waived its Eleventh Amendment immunity by passing the Fair Employment Practices Act ("FEPA"), codified at O.C.G.A. § 45-19-20, *et seq*. FEPA's purpose is to promote the elimination of discrimination against all individuals in public employment because of race, color, religion, national origin, sex, disability or age. O.C.G.A. § 45-19-21(a)(3). To support her argument that FEPA waived the State's Eleventh Amendment immunity for federal discrimination claims, Plaintiff relies on Williamson v. Department of Human Resources, 572 S.E.2d 678 (Ga. App. 2002). In Williamson, the Georgia Court of Appeals found the State must have intended to waive its sovereign immunity as to both State and federal discrimination claims because (1) FEPA creates a right of action against the State which can result in a money judgment against the state treasury and (2) the State otherwise would have enjoyed sovereign immunity from the cause of action. Otherwise, FEPA "would have no meaning." Id. at 681. However, contrary to the reasoning in Williamson and the Plaintiff's arguments relying on the same, this is not the end of the inquiry. The Supreme Court of the United States instructs, "Waivers of sovereign immunity are not implied." College Sav. Bank v. Florida Prepaid Postsecondary, 527 U.S. 666, 683-683, 119 S. Ct. 2219 (1999).

> The Georgia Constitution provides
>
> The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver. No waiver of sovereign immunity under this Paragraph shall be construed as a waiver of any

>immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution.

Ga. Const. Art. I, § II, ¶ IX (e)-(f). Therefore, immunity in Georgia may be waived only pursuant to an Act of the General Assembly. Lapides, 251 F.3d at 1375. Further, this specific provision from the Georgia Constitution specifically reserves Eleventh Amendment immunity from suit in a federal court. Brewer v. Purvis, 816 F. Supp. 1560, 1569 (M.D. Ga. 1993). These provisions do not indicate the State of Georgia waived its Eleventh Amendment immunity from suit in federal court regarding any of the claims raised in this case.

First, the "judicial review" provision of FEPA addresses how a party may go about pursuing a FEPA claim. A plaintiff may bring her claim before a special master or FEPA administrator. Thereafter, a plaintiff may appeal "by filing a petition for review in the *superior court* in the county in which the alleged unlawful practice occurred or in the *superior court* of the residence of the respondent." O.C.G.A. § 45-19-39 (emphasis added). Another district court in this circuit addressed whether FEPA acts as a waiver to the State's Eleventh Amendment immunity for disability claims and answered in the negative. Dunford v. Martin, 1:01-CV-1683-WBH (N.D. Ga. Mar. 26, 2003). In Dunford, Judge Hunt addressed the Williamson case and found the State's Eleventh Amendment immunity, while waived to the extent of an insurance policy's limits in state court, was not waived for a claim brought in federal court. In Gary v. Georgia DHR, an employee of the DHR sued alleging disability discrimination pursuant to Title I of the ADA and the Rehabilitation Act. Gary v. Georgia Dept. of Human Resources, 323 F. Supp.2d 1368 (M.D. Ga. 2004). After recognizing that Eleventh Amendment immunity was not abrogated by Congress, the Court addressed the plaintiff's claim that the State had waived its immunity because (1) the State entity involved accepted federal funds and (2) DHR's personnel policy states that Georgia is subject to the

provisions of the ADA." Id. at 1372.  The court explained, "The acceptance of federal funds does not constitute a state's waiver of Eleventh Amendment immunity for alleged violations of Title I of the ADA." Id. (citing Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1174-75 (11th Cir.2003)).  Citing Williamson, *supra*, the court noted that although the DHR may be sued in a state court, a statement in a personnel manual is not the equivalent of a State's consent to be sued in federal court. Id.  See also Lyon v. Jones, 168 F. Supp.2d 1 (D. Conn. 2001) (Connecticut's version of FEPA did not effect a waiver of Eleventh Amendment immunity).  Plaintiff therefore failed to show that the State of Georgia, by express language or by such overwhelming implication from the text that leaves no room for any other reasonable construction, intended to waive its immunity from suit through the passage of FEPA.

Plaintiff also argues that because FEPA created a waiver of Eleventh Amendment immunity the purchase of insurance by the OCSB exposes it to liability to the extent of any insurance coverage available.  Although the State of Georgia provides certain insurance policies that cover public officers and employees, pursuant to O.C.G.A. §45-9-5, "Nothing in this article shall constitute a waiver of the immunity of the state from any action.  The exercise of authority provided in this article shall not constitute the provision of liability insurance protection under Article I, Section II, Paragraph IX of the Constitution."  This provision is found within the State laws whereby State agencies may purchase various types of insurance on behalf of its employees.  While the State of Georgia clearly intended to provide insurance for certain types of claims or issues that arise with public officers and employees, the State intended claims such as those asserted in this case to be brought in a State court and not in a federal court.  For instance, when a County purchases liability insurance for law enforcement vehicles, the courts have found the purchase of insurance waives

immunity in a State court but only to the extent of the insurance policy's coverage. Grech v. Clayton County, Ga., 335 F.3d 1326, 1340 (11th Cir. 2003). However, there is no support whatsoever for Plaintiff's argument that OCSB having various types of insurance for its employees or the passage of FEPA waived the State's Eleventh Amendment immunity in *federal* court regarding her claims. Neither the passage of FEPA nor the purchase of any type of insurance by Defendant OCSB waived the State's immunity from Plaintiff's claims in this Court. Defendant's motion to dismiss is granted as to the 42 U.S.C. § 1981 and ADEA claims and the ADA damages claims. However, Plaintiff's claims for injunctive or prospective relief may proceed.

**SO ORDERED this 8th day of June, 2006.**

**S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE**